## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EDWIN RAMOS QUIÑONES**<br><br>*Plaintiff*<br><br>Vs.<br><br>**HON. CHRISTIAN E. CORTES-FELICIANO**, Mayor of the City of Aguada, in his personal and official capacity and the **MUNICIPALITY OF AGUADA,** through its mayor**,** co-defendant **CHRISTIAN E. CORTES-FELICIANO** defendants John Doe, Jane Doe, Richard Roe.<br><br>*Defendants* | Civil No. |

## COMPLAINT

**TO THE HONORABLE COURT**:

**COMES** now Plaintiff through the undersigned attorney, and respectfully alleges and prays:

### Jurisdiction of this Honorable Court

l.-  This Honorable Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983 for violation of plaintiff rights under the First Amendment of the United States Constitution and a violation of the due process rights under the Fifth and Fourteen Amendment.  It is also a petition for a declaratory and injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

2.- This Honorable Court also has jurisdiction over the state law claims under the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico, Sections 1, 4, 6

1

and 7 of Article II, Act 90-2020 ( 29 LPRA sec 3111, et segs and Article 1536 Civil Code of Puerto Rico (31 L.P.R.A. § 10801).

## Type of Proceedings

3.- Plaintiff claim is twofold; first he prays for a mandatory injunction under Federal Rule of Civil Procedure Number 65, ordering the defendants to be enjoined from discriminating against him, because of his political beliefs.

4.- It is also a suit for compensatory damages arising from the political persecution to which plaintiff have been subjected to by defendants.

5.- The facts hereinafter alleged in this Complaint constitute violations of Plaintiff protected rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

6.- The facts hereinafter alleged in this complaint constitute violations of plaintiff protected rights under Sections l, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico, Article 1536 of the Civil Code of Puerto Rico 31 L.P.R.A. 10801 and Act 90-2020, 29 L.P.R.A. § 3111, et seg.

## State Remedies Invoked Under 42 USC l988
## and Pendent Jurisdiction

7.-  Whether liability be predicated under the Federal Civil Rights Act or under the Constitution and Laws of the Commonwealth of Puerto Rico, all the liability arises from a common nucleus of operative facts.

8.- Plaintiff invokes the pendant jurisdiction of this Honorable Court with respect

to all claims under the Constitution and Laws of the Commonwealth of Puerto Rico.

## Claims for Relief

9.- At all times herein mentioned, and in all matters complained of herein, the defendants, and each of them acted in full knowledge that they were violating the rights of Plaintiff as protected under the Constitution and the Laws of the United States.

10.-The law with respect to defendants conduct, and the conduct of each and every one of them, was clearly established as illegal and violate plaintiff rights under the Constitution and Laws of the Commonwealth of Puerto Rico.

11.- The action of the defendants was solely motivated by plaintiff political beliefs, there existing no other cause for the political persecution that plaintiff was subjected to.

12. - Plaintiff political beliefs were known to defendants at all times relevant to this compliant. Plaintiff political beliefs and his association with persons of similar beliefs are activities protected by the First Amendment to the Constitution of the United States of America.

13.- The acts of the defendants were done deliberately, knowing that it is was unlawful, with the bad faith knowledge that they were violating plaintiff federally protected rights.

14.- Plaintiff is entitled under the Laws of the Commonwealth of Puerto Rico to be free from the obligation of mitigation of damages under such circumstances as are herein above set forth.

3

15.- Plaintiff is entitled to damages for violation of his Constitutional Rights plus damages for his actual losses, and for pain, suffering, anguish and humiliation. Plaintiff is also entitled to double damage pursuant to 29 L.P.R.A. § 3111.

16.- Defendant, Christian E. Cortes-Feliciano has been obstinate in fomenting this litigation.

17.- Plaintiff Edwin Ramos-Quiñones is of legal age, a resident of the city of Aguada, a career employee of the Municipal Government of Aguada for over 30 years and an active member of the New Progressive Party.

18.- The Municipality of Aguada is a legal entity with capacity to sue and be sued and is represented in this complaint by its mayor Christian E. Cortés-Feliciano.

19.- Defendant Christian E. Cortés-Feliciano is of legal age and it's the mayor of the city of Aguada. He is also the president of the Popular Democratic Party in the city of Aguada. He is being sued in his official and personal capacity as an individual.

20.- An action by defendant, mayor Christian E. Cortés-Feliciano, as the nominating authority of the Municipality of Aguada, constitutes the official policy of the Municipality and as such the Municipality of Aguada is liable to plaintiff.

21. - John Doe, Jane Doe and Richard Roe are fictitious names used to identify persons who on the course of discovery may be found to be liable to plaintiff.

22.- All defendants are citizens of the Commonwealth of Puerto Rico.

23.- Pursuant to the provisions of 42 USC, Section 1988 Plaintiff, should they prevail on any issues herein, are entitled to reasonable attorneys' fees in this action.

24.- Pursuant to the provisions of Title 32, Rules of Civil Procedures of the Commonwealth of Puerto Rico, App. II, Rules 44.1(d) and 44.3(b), plaintiff are also entitled to attorneys' fees for the defendant's obstinacy and pre-judgment interest from the date of the filing of this complaint.

### Specific Facts Relevant to this Claim

25.- On or around the last week of March ( March 28- April 1, 2022), plaintiff had an incident with the Mayor of Aguada, defendant Christian E. Cortés-Feliciano. For reasons not known to plaintiff, he went to plaintiff's place of work at the Coliseum where plaintiff performed his duties and responsibilities as Sport Facilities Supervisor.

26.- Defendant in a harsh, irritating and loud voice, that could be heard by other persons that were nearby, asked plaintiff if he was Edwin Ramos- Quiñones, the employee that was meeting with active members of the New Progressive Party at the Sport facilities of the Municipality of Aguada.

27. - Plaintiff having no idea as to what the Mayor was referring to, responded that yes, he was Edwin Ramos- Quiñones, but that he had never met with active members of the New Progressive Party during his working hours.

28. - Defendant was vexed and told plaintiff that he had reliable information that plaintiff was having meetings at his place of work with members of the New Progressive Party; that he was not going to tolerate that a person who's salary he is paying is using his working time to actively promote other party that is not the party of the government (Popular Democratic Party).

29.- Plaintiff opted not to contradict or to answer the Mayor's allegations which irritated more defendant Christian E. Cortés-Feliciano attitude. Defendant Christian E. Cortés-Feliciano told plaintiff that his days as municipal employee were almost over and that soon he will hear from him.

30.-   The next Monday, April 4, 2022, plaintiff received a letter signed by defendant Christian E. Cortés-Feliciano in which he notified him that he was inform of an alleged incident between plaintiff and another municipal employee named Richard Ramírez-Vargas, which supposedly occurred five or six weeks before, that is February 24, 2022. In said letter the Mayor alleges that plaintiff told Mr. Ramírez Vargas that he didn't have to go to his working area at the Athletic Track to supervise any employee, that he had to respect him, that he was not afraid of him and that if he wanted they could fix the issue with their fists ("se podian dar cuatro pescosadas").

31.- In his letter, the mayor, defendant Christian E. Cortés-Feliciano, also alleged that he was told that plaintiff was making negative commentaries about the Sport and Recreation Department and that he was notifying plaintiff his intention to apply a disciplinary action which could lead to his suspension of employment and salary up to his destitution as a municipal employee.

32.- An administrative hearing was scheduled for April 21, 2022.

33.- In said hearing it was presented, and its related in the examiner report, that the alleged incident with the employee named Richard Ramírez-Vargas didn't occurred as the Mayor had stated but that it was a misunderstanding and about three or four

days after Richard Ramírez-Vargas came to plaintiff Ramos-Quiñones and apologized to him for the incident and that plaintiff answer to him was " not to worry, I also apologize to you", they shake hands and with that ended that incident. ("Tranquilo, yo también te pido disculpas". Se dieron la mano y ahí quedó el desacuerdo entre ellos.)

34.- At the hearing the examiner brought two more incidents that were not related in mayor Cortés-Feliciano's April 4, 2022 letter. The first one refers to that plaintiff did not let an athlete practice the throwing of the javelin. Plaintiff alleged that the reason why he did that was because the regulations did not allow the practice of this sport while there were persons using the track field.  The second refers to an alleged incident with a person named Pedro Torres, which plaintiff did not recall when that occurred but admitted that he had a discrepancy with Mr. Torres, but it was something that they fixed by talking to each other.

35.- At the hearing plaintiff admitted the incident with Mr. Richard Ramírez-Vargas and that this was an incident that they apologized to each other. The incident of the athlete that wanted to practice javelin and the alleged incident with Mr. Pedro Torres were isolated incidents with no consequences. In all of them he always apologized or worked them out by talking with the person involved.

36.- The examiner concluded as follows:

"That the employee of reference did not deny the essential facts that were alleged of verbal aggression, incorrect or unrespectable conducts against fellow workers with evidence susceptible to be believe by a reasonable person".

37.- The examiner goes on and recommended to the mayor, defendant Cortés-Feliciano, to confirm the charges or allegations that were filed and that as a disciplinary action plaintiff be suspended from employment and salary for 30 days.

38.- On May 2, 2022, the mayor, defendant Cortés-Feliciano, informed plaintiff that he was being suspended from employment and salary for 30 days.

39.- The administrative hearing was a sham. There was no evidence of any wrong doing that merits the sanction that was imposed to plaintiff Edwin Ramos-Quiñones, this in violation of the due process clause of the Fifth and Fourteen Amendment to the Constitution of the United States of America.

40.- After receiving the letter of suspension from employment and salary for 30 days, plaintiff went to see the mayor, defendant Cortés-Feliciano, to ask him to reconsider because he had economic obligations that he won't be able to fulfill if he was 30 days without employment and salary. The Mayor refused to see him. Three or four days afterward, plaintiff Edwin Ramos-Quiñones went back to the City Hall and was able to see the Mayor, who in a harsh and angry attitude told plaintiff that he had nothing to reconsider that he was the one that had to reconsider meeting people of the New Progressive Party at his job.

41. - When plaintiff returned to work, 30 days later, his responsibilities were reduced to the extent that the duties that he is performing are those of a maintenance employee not the ones of a Sport Facilities Supervisor.

42.- Defendants' actions against Plaintiff constitutes an intentional

political harassment and a clear violation of plaintiff Federal and State Constitutionally protected rights.

43. - Plaintiff Edwin Ramos-Quiñones has suffered and continues to suffer the humiliation and the degradation of his dignity as a citizens and employee by the actions of defendants by forcing him to perform the duties of a maintenance employee not the ones of a Sports Facilities Supervisor.

44. - Plaintiff is a career employee of the Municipal Government of Aguada. Plaintiff history of performance as employee of the Municipality for over 30 years is excellent, there being no complaints or admonishments filed against him.

45.- With the express or tacit consent of defendant Christian E. Cortés-Feliciano, plaintiff Edwin Ramos-Quiñones, has been the subject of political harassment and workplace harassment by other municipal employees that in a mocking way tell him that what happened to him is what the members of the New Progressive Party deserve.

46.- All these harassment, humiliation, mental anguish, grief, pain and distress that plaintiff has suffered and continues to suffer on a daily basis is being done intentionally by defendants with the deliberate purpose of offending, humiliating and punishing plaintiff, solely because of his affiliation to the New Progressive Party.

### Absence of Good Faith

47.-  The **Branti v. Finkel**, (445 U.S. 507), doctrine was well rooted.

48. - Defendant's in this case under color of state law, decided to defy the Courts,

knowing as they know, that by suspending plaintiff from employment and salary for 30 days, by harassing plaintiff, creating a workplace harassment environment, solely for his political affiliation to the New Progressive Party, constitutes a violation of plaintiff Constitutionally Protected Rights.

## First Cause of Action

49.- Now appears plaintiff, in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 48, with the same force and effect as if set forth at length herein.

50.- Plaintiff suspension from employment and salary for 30 days and the sham hearing that was conducted constitutes a violation of plaintiff Constitutional Protected Rights since the real and only reason for this suspension from employment and salary was the fact that plaintiff is an active member of the New Progressive Party. It is a well-established legal doctrine that a violation of a Constitutional Right, even for a minimum period of time, constitutes an irreparable injury.

51.- The damages caused to plaintiff by defendant's illegal violation of his Federally Protected Rights, are reasonably estimated in the amount of $1,000,000.00.

## Second Cause of Action

52.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 48, with the same force and effect as if set forth at length herein.

53.- As a result of defendants' actions, plaintiff has suffered great mental anguish, grief, much anxiety, humiliation, pain and distress.

55.-The damages suffered by plaintiff are evaluated in an amount not less than $1,000,000.00. These damages were caused, and will continue to be caused, exclusively by the unconstitutional, illegal, negligent and tortuous acts and omissions of the defendants, rendering them jointly and severally responsible to plaintiff for any award warranted for his damages.

### Third Cause of Action

56.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 48, with the same force and effect as if set forth at length herein.

57.- Their acts show defendants did not act in good faith and punitive damages should be imposed on defendants jointly and severally which are reasonably estimated in $1,000,000.00.

### Fourth Cause of Action

58.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 48, with the same force and effect as if set forth at length herein.

59. - Plaintiff was subjected to political harassment by defendant Christian E. Cortés-Feliciano because he knew that the administrative hearing was a sham, that there was no evidence that merits the sanctions that were imposed on him and that

upon his return to work he has been subjected, to political harassment, and plaintiff responsibilities have been drastically reduced. Defendant Cortés-Feliciano has done nothing to prevent and/or correct the violation of plaintiff Constitutionally Protected Rights.

60.- For this, plaintiff Edwin Ramos-Quiñones, feels humiliated, suffered damages that are reasonably estimated in the amount of $1,000,000.00.

## Fifth Cause of Action

61.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 48, with the same force and effect as if set forth at length herein

62.- Plaintiff request that an order be issued to defendant Cortés-Feliciano ordering that his duties and responsibilities as Sport Facilities Supervisor be restored, that defendant takes the necessary actions to prevent and correct the political harassment that he has been subjected to by municipal employees, and that the sanction of 30 days without employment and salary be declared illegal and null and that back pay for those 30 days be made.

## Trial By Jury

63.-  A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiff respectfully prays this Honorable Court to:

a.   Assume Jurisdiction of this action;

b.   Enter an Order granting a Preliminary and Permanent Injunction prohibiting,

12

restraining and enjoining, the defendants, agents, or anyone acting in concert with them or pursuant to their orders; or, their successors in any representative capacity from violating any Constitutional Rights of plaintiff;

c. Enter an Order granting a Preliminary and Permanent Injunction ordering defendants, and each of them, or their agents and successors to refrain from using the power trusted on them as Mayor, Director of the Municipal Department of Emergency Management, Director of Human Resources and Director of Public Works of the Municipal Government of Aguadilla for political    purpose against plaintiff.

d.   Grant plaintiff back pay damages and punitive damages against the defendants, and each of them, jointly and severely;

e.    Accept its pendent and ancillary jurisdiction over the parties and grant plaintiff all his rights under the Constitution and Laws of the Commonwealth of Puerto Rico;

f.   Enter an Order granting plaintiff reasonable attorney's fees, costs and pre-judgment interests;

g.   Grant such other and further relief that to this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

13

In Aguadilla, Puerto Rico this 27th day of September of 2022.

ROLDAN GONZALEZ & ASOCIADOS
35 Progreso
Aguadilla, P. R. 00603
Tel. (787) 891-l359
irg@roldanlawpr.com


*S/ Israel Roldan-Gonzalez*
ISRAEL ROLDAN GONZALEZ
USDC-PR NO. 115602